IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JACKSON, *et al.*,               *

    Plaintiffs,               *

       v.               *     Civil Action No. RDB-14-3114

EGIRA, LLC, *et al.*,               *

    Defendants.               *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiffs Sean Jackson ("S. Jackson"), Craig Koehler, Jr. ("Koehler"), Russell Jackson ("R. Jackson"), Dawn Dorsey ("Dorsey"), Emily Wisniewski ("Wisniewski"), Jeremy Hewitt ("Hewitt"), and Casey Ann Diven ("Diven") (collectively, "Plaintiffs") bring this action against Defendants Egira, LLC ("Egira"), Anastasia Vasilakopoulos ("Mrs. Vasilakopoulos"), Vasilios "Bill" Vasilakopoulos ("Bill"), and Konstantinos "Gus" Vasilakopoulos ("Gus"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiffs, all former servers at the Speakeasy Saloon and Dining House, a restaurant owned and operated by Defendant Egira, claim that they were denied minimum wages and/or overtime compensation in violation of federal and state law.

1

Presently pending is Plaintiffs' Motion for Partial Summary Judgment under the Fair Labor Standards Act (ECF No. 82), directed only against Defendants Mrs. Vasilakopoulos and Gus (collectively, "Defendants").[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014).   For the reasons that follow, Plaintiffs' Motion for Partial Summary Judgment under the Fair Labor Standards Act (ECF No. 82) is DENIED. Genuine issues of material fact remain as to Plaintiffs' claimed unpaid work and whether Gus and Mrs. Vasilokopoulos are "employers" under the Fair Labor Standards Act, thereby rendering summary judgment inappropriate.

<u>BACKGROUND</u>

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). Defendant Egira owns and operates the Speakeasy Saloon and Dining House ("Speakeasy") located in Canton Square, a neighborhood of Baltimore, Maryland. Pls.' Mot. for Partial Summ. J., at 4. It is undisputed that all Plaintiffs worked as servers at Speakeasy for some period of time. *See* Pls.' Mot. for Partial Summ. J. Ex. 8, 2, ECF No. 82-8 (Def.'s Resp. to Requests for Admissions); *see also* Defs.' Resp. in Opp'n, 1, ECF No. 90. Defendant Gus is the sole owner of Egira, Pls.' Mot. for Partial Summ. J. Ex. 11, Gus Dep. 23: 9-17, ECF No. 82-11, while Defendant Bill acted as the General Manager of Speakeasy, Pls.' Mot.

---

[1] Plaintiffs note that they do not seek summary judgment against Defendant Bill, as he filed for bankruptcy in September, 2015. Pls.' Mot. for Partial Summ. J., 1 n.1. ECF No. 82 (citing Notice, ECF No. 75). As such, the collective "Defendants" refers only to Gus and Mrs. Vasilakopoulos, the Defendants named in the present Motion.

for Partial Summ. J. Ex. 9, Bill Dep. 19:6-7, ECF No. 82-9. Mrs. Vasilakopoulos, the mother of Gus and Bill, was not an employee of Egira. The parties dispute the degree to which Defendants Gus and Mrs. Vasilakopoulos were involved in the operations of Speakeasy.

This action arises from Plaintiffs' claim that, while employed at Speakeasy, they never received an hourly wage or overtime compensation. Rather than pay hourly wages, Plaintiffs state that their compensation stemmed solely from customer tips. *See, e.g.*, Pls.' Mot. for Partial Summ. J. Ex. 5, Sean Jackson Aff. ¶ 2, ECF No. 82-5. As purported evidence of this policy, Plaintiffs claim that Defendants have failed to produce any payroll records showing payment of hourly wages and/or overtime, nor any records detailing the each Plaintiffs' work hours. Pls.' Mot. for Partial Summ. J., at 4-5 (citing Pls.' Mot. for Partial Summ. J. Ex. 10, Egira, LLC's Answers to Interrogatories, 3-4, ECF No. 82-10). In contrast, Plaintiffs offer damages calculations based on their own estimations of their hours worked during each week of employment. *See, e.g.*, Pls.' Mot. for Summ. J. Ex. 1, Diven Aff. Ex. A, ECF No. 82-1. Defendants did produce payroll records for Sean Jackson, but Plaintiffs label such records as "inaccurate and incomplete, at best." Pls. Mot. for Summ. J., at 5. Defendants Mrs. Vasilokopoulos and Gus respond that most of the Plaintiffs[2] requested this arrangement, as they wished to remain "off the books" to avoid federal and state income taxes. Pls.' Mot. for Summ. J. Ex. 3, Egira Corp. Designee Dep. 40-41, ECF No. 82-3.

---

[2] Specifically, Defendants identify Plaintiffs S. Jackson, Dorsey, R. Jackson, and Koehler as the individuals who requested this arrangement. Defs.' Resp. in Opp'n, at 11.

After a lengthy period of discovery, Plaintiffs filed the subject Motion for Partial Summary Judgment (ECF No. 82) against only Defendants Gus and Mrs. Vasilokopoulos. Plaintiffs contend that Defendants have offered no evidence to rebut Plaintiffs' claims of unpaid hourly wages and overtime compensation. As "employers" under the Fair Labor Standards Act, a characterization that Defendants dispute, Gus and Mrs. Vasilokopoulos would be liable for the resulting damages as a matter of law. In response, Defendants argue that genuine issues of material fact remain such that summary judgment, partial or otherwise, is inappropriate.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718

F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, --- U.S. ----, 134 S. Ct. 1861, 1866-68 (2014) (per curiam).

<u>ANALYSIS</u>

Plaintiffs move for partial summary judgment under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, on two grounds. First, Plaintiffs contend that, under the burden-shifting analysis of *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), they have sufficiently demonstrated that they were denied the requisite hourly wages and overtime compensation established by the FLSA. As such, compensatory damages should be awarded "even though the results [may] be only approximate." Pls.' Mot. for Partial Summ. J., at 11 (quoting *Anderson*, 328 U.S. at 688). Second, Plaintiffs assert that Mrs. Vasilokopoulos and Gus are "employers" within the meaning of the FLSA, as they were directly involved in the day-to-day operations of Speakeasy. Defendants do not dispute that Egira is an FLSA-covered enterprise. *See* Order on Agreed Upon Stipulation, ECF No. 68. Rather, Defendants Mrs. Vasilokopoulos and Gus argue that genuine issues of material fact remain as to both asserted grounds such that summary judgment is inappropriate. This

Court will first address two preliminary matters, and then turn to Defendants' status as "employers" under the FLSA, and the alleged failure to pay hourly wages and overtime compensation.

## I.  Preliminary Matters

### a.  *Statute of Limitations as to Plaintiff Sean Jackson*

As a preliminary matter, Defendants contend that all hours and wages alleged by Plaintiff S. Jackson that occurred prior to October 2, 2012 are time-barred under the FLSA's two-year statute of limitations. Plaintiffs filed the subject action on October 2, 2014, yet S. Jackson included hours from March 5, 2012 through September 16, 2012 in his damages calculations. *See* Pls. Mot. for Partial Summ. J. Ex. 5, S. Jackson Aff.

Actions for alleged violations of the FLSA's minimum wage provisions "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). As such, the FLSA provides for two potential limitations periods, the application of which turns on whether the FLSA violations were conducted "willfully." Moreover, in addition to the limitations period, the issue of willfulness "can impact the computation of unpaid overtime compensation under the FLSA." *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 357 (4th Cir. 2011). Predictably, the parties take opposite positions with regard to the issue of whether the alleged denial of hourly wages and overtime compensation was "willful."

In *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), the Supreme Court addressed the meaning off willfulness under Section 255(a) of the FLSA. To show willfulness, a plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 133. Mere negligence on the part of the employer as to its compliance with the FLSA is not sufficient to prove willfulness. *Id.*

Here, the parties have presented conflicting arguments regarding the issue of willfulness. Plaintiffs contend that, despite Defendants' awareness of the FLSA's minimum wage and overtime pay requirements, they failed to pay S. Jackson (or any of the Plaintiffs) the necessary wages. The Defendants' purported failure to keep adequate payroll records are further evidence, Plaintiffs argue, of their willful behavior. Defendants simply assert that S. Jackson has offered no evidence of willfulness. This one-sentence argument, however, is not sufficient to negate Plaintiffs' alleged evidence of willfulness. Accordingly, this Court finds that the issue of willfulness is an issue of material fact to be determined at trial. The statutory look-back period under the FLSA will thus commence on either October 2, 2012, or October 2, 2011, depending on the issue of willfulness.

### b. *In Pari Delicto*

Alternatively, Defendants contend that, as Plaintiffs S. Jackson, Dorsey, R. Jackson, and Koehler asked to remain "off the books" and instead work solely for tips to avoid federal and state tax liability, their claims are barred under the *in pari delicto* defense. For the *in*

*pari delicto* defense to bar recovery under FLSA, the "plaintiff [must] bear[] at least substantially equal responsibility for the violations he seeks to address, and . . . preclusion of the suit would not substantially interfere with the statute's policy goals." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308 (11th Cir. 2013) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11 (1985); *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1154 (11th Cir. 2006)). The plaintiff "must be an active, voluntary participant in the unlawful activity that is the subject of the suit." *Pinter v. Dahl*, 486 U.S. 622, 636 (1988).

Given the proffered evidence, it is premature to conclude that *in pari delicto* applies to bar recovery. Turning to the first prong, Defendants' argument for *in pari delicto* rests solely on the testimony of Defendant Bill, an individual whose credibility Plaintiffs have consistently challenged. Plaintiffs deny that they ever made such requests. Yet, determining whether the specified Plaintiffs were "active, voluntary participant[s]" in Defendants' alleged failure to pay minimum wages and overtime compensation necessarily requires a comparison of Bill's credibility to that of the Plaintiffs. A genuine issue of material fact thus remains with respect to the specified Plaintiffs' participation in the alleged unlawful activity. As such, this Court need not consider whether application of *in pari delicto* is consistent with the policies underlying the FLSA.

## II.     "Employers" Under the FLSA

Congress enacted the Fair Labor Standards Act in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standards of living necessary for health, efficiency, and general well-being of workers." Pub. L. No. 75-718, 52 Stat. 1060 (1938) (codified as amended at 29 U.S.C. §§ 201, *et seq.*). To this end, the FLSA generally requires employers to compensate employees for all of the hours worked, at a rate that is not less than the federal minimum wage rate. *See* 29 U.S.C. § 206)(a)(1). As compliance with the FLSA is impossible without certainty as to the number of hours employees actually work, the FLSA requires that employers "make, keep and preserver" records of wages, hours, and "other conditions and practices of employment . . . [.]" 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(7)-(9). Any employer who violates Sections 206 or 207 of the FLSA is liable to the affected employees for unpaid wages and liquidated damages. 29 U.S.C. § 216(b). Injunctive relief may also be ordered against an employer who violates any provision of the FLSA. 29 U.S.C. § 217.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Similarly, the FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). Federal courts almost universally state that this definition is to be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations. *See, e.g., Darden*, 503 U.S. at 326; *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). As the United States Supreme Court

has explained, the determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

Courts generally look to the "economic reality" of an individual's status in the workplace before determining liability. *See Schultz*, 466 F.3d at 304 (noting the importance of the "economic reality" to the employer-employee relationship); *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) (stating that the economic reality, and not the technicalities of the FLSA, determines an individual's status). As this Court has previously noted, the economic reality of an individual's status as an employer may be determined by examining a number of factors, including the person's job description, his or her financial interest in the enterprises, and whether or not the individual exercises control over the employment relationship. *Gionfriddo v. Jason Zink, LLC.*, 769 F. Supp. 2d 880, 890 (D. Md. 2011); *see also Baystate Alternative Staffing v. Herman*, 163 F.3d 688, 675 (1st Cir. 1998).

In this case, Plaintiffs argue that both Gus and Mrs. Vasilokopoulos are clearly "employers" within the meaning of the FLSA, thereby necessitating judgment as a matter of law in their favor. Turning first to Gus, Plaintiffs acknowledge that Gus, as the sole owner of Egira, testified that he is an "absentee owner more or less" who leaves all responsibilities to his brother Bill, the general manager. Pls.' Mot. for Partial Summ. J. Ex. 11, Gus Dep. 25:16-21. However, Plaintiffs assert that Gus acted in a supervisory role at Speakeasy, and thus was a much more active owner than he admitted. *See, e.g.*, Pls.' Mot. for Partial Summ. J. Ex. 1, Diven Aff. ¶ 3, ECF No. 82-1. For example, Gus stated that he did not even write checks to

10

the kitchen staff. *Id.* 28:2-5. Yet, Plaintiffs contend that Bill, testifying as the corporate designee of Egira under Rule 30(b)(6) of the Federal Rules of Civil Procedure, admitted that "maybe Gus signed [a] check. I don't know." Pls.' Mot. for Partial Summ. J. Ex. 9, Bill Dep. 159:5-6. As the owner of Speakeasy, Bill explained that Gus is authorized to sign checks.[3] *See id.* 159:9-21. On the basis of this evidence, Plaintiffs assert that it is "clear" that Gus signed checks and could control Egira/Speakeasy's payroll practices. Pls.' Mot. for Partial Summ. J., at 13.

Judgment as a matter of law, however, requires more. The FLSA certainly embraces a broad interpretation of the term "employer," but at the summary judgment stage, Plaintiffs must still furnish sufficient evidence to show that no genuine issues of material fact remain as to Gus's role at Speakeasy. Rather than fulfill that burden, Plaintiffs simply present conflicting accounts of the payroll and supervisory policies at Speakeasy. They argue that Gus's testimony is self-serving, yet Defendants levy the same argument at Plaintiffs' affidavits describing Gus's alleged supervisory actions. The assessment of witness credibility is a task reserved for the jury, and not for this Court. Gus's status as an "employer" under the FLSA is thus a determination best left for trial.[4]

---

[3] Plaintiffs state that Gus signed checks for Joe Thomas, a Speakeasy cook, and Greg Mahin, another Speakeasy cook, in the amounts of $720.25 and $578.00, respectively. Pls.' Mot. for Partial Summ. J., at 13 (citing Pls.' Mot. for Partial Summ. J. Ex. 9, Bill Dep. 154-55, 168-69). After a review of Bill's Deposition, however, it appears that Plaintiffs' conclusions are inaccurate. Bill stated that he signed the check to Joe Thomas, although he admitted that the check to Greg Mahin appeared to bear Gus's signature. *Compare* Pls.' Mot. for Partial Summ. J. Ex. 9, Bill Dep. 154:8-12, *with* 169:3-11.

[4] In their Reply, Plaintiffs present testimony from two unrelated hearings in which Bill repeatedly stated "I don't recall" to questions regarding his, his mother's, and his brother's roles at Speakeasy/Egira. Pls.' Reply, 2-4, ECF No. 93. Plaintiffs argue that Bill should be declared not competent to testify under Rule 56(c)(4) of the Federal Rules of Civil Procedure, as he evidently has insufficient memory of the events in question. This

The Plaintiffs' argument with respect to Mrs. Vasilokopoulos is similarly deficient. Again, Plaintiffs include affidavits describing her "supervisory role" at Speakeasy, as well as conflicting accounts of her authority to sign checks. Pls.' Mot. for Summ. J., at 14. Even further, Speakeasy's liquor license is in her name, and Egira is named for the town in Greece from which she emigrated nearly half a century ago. *Id.* Defendants, however, describe their mother's role at the restaurant as a constant presence, but not a supervisor. They admit that she is "in the bar nearly every day," and also admit that the liquor license is held in her name. She does not, however, control the daily operations such that she could reasonably be characterized as an "employer" under the FLSA.

The conflicting accounts of the parties demonstrate that there are clearly genuine issues of material fact which remain. For example, it is unclear whether Mrs. Vasilokopoulos's alleged admonishments of servers were a daily occurrence, thereby implying that she exercised direct supervisory control, or merely offhand, infrequent remarks. Even further, it is unclear whether the presence of Mrs. Vasilokopoulos's name on the liquor license is a habit and remnant of a time where she was more involved in the restaurant, or conclusive proof of her continued role as a supervisory. Both parties again argue that the opposing parties' respective witnesses present self-serving testimony, but the witness credibility determination is not the province of this Court on summary judgment.

---

objection to Bill's testimony, however, is best characterized as an assault on witness credibility. As this Court explained *supra*, such a determination is reserved for the factfinder at trial.

In sum, genuine issues of material fact remain as to whether Gus and Mrs. Vasilokopoulos are "employers" within the meaning of the FLSA. Judgment as a matter of law is thus inappropriate, and their characterization as "employers" is an issue of material fact to be determined at trial.

### III.    Denial of Hourly Wage and Overtime Compensation

Since genuine issues of material fact remain as to whether Gus and Mrs. Vasilokopoulos are "employers" under the FLSA, Plaintiffs are not entitled to partial summary judgment on their FLSA claim. Even if Plaintiffs had satisfied that condition precedent, they have not sufficiently proven their denial of unpaid hourly wages and overtime compensation to support judgment as a matter of law.

An employee bringing a suit for unpaid wages and overtime compensation under the FLSA "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). Given the "remedial nature" of the FLSA, the employee is not penalized when his employer fails to satisfy his burden to keep accurate records of wages, hours worked, and any other employment-related conditions. *Id.* at 687. Instead, the employee "has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* At this point, the "burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with

evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. Absent such evidence, "the court may then award damages to the employee, even though the result be only approximate." *Id.* at 688.

In this case, Plaintiffs contend that Defendants kept inaccurate and inadequate records of employment, thereby triggering the burden-shifting framework of *Anderson.*[5] Plaintiffs include affidavits from each Plaintiff describing the alleged hours worked and wages denied by Defendants. *See, e.g.,* Pls.' Mot. for Partial Summ. J. Ex. 5, S. Jackson Aff. ¶ 1. Plaintiffs argue that these affidavits are sufficient to sustain their burden to prove that they were improperly compensated under the FLSA.

Assuming that the attached affidavits are sufficient to carry Plaintiffs' *Anderson* burden, the inquiry then shifts to the Defendants to show evidence of payment or to undermine the "reasonableness of the inference to be drawn from [Plaintiffs'] evidence." *Anderson*, 328 U.S. at 688. Defendants assert that Plaintiffs' alleged hours would not have been possible, as the volume of hours directly contradicts Speakeasy's longtime scheduling policy. For example, Plaintiff S. Jackson alleges that he worked either 54.5 hours or 48 hours per week while employed at Speakeasy. *See* Pls.' Mot. for Partial Summ. J. Ex. 5, S. Jackson Aff. Speakeasy's policy, however, is to schedule servers for a single seven hour shift per day. Defs.' Resp. in Opp'n Ex. 2, Bill Aff. ¶ 5. Moreover, Speakeasy does not schedule a server for every single day of the week. *Id.* ¶ 6. Even if S. Jackson *was* scheduled to work every

---

[5] As noted *supra*, Defendants responded that many of the Plaintiffs chose to remain "off the books," thus explaining the alleged inadequacy of the records.

single day, Defendants contend that, at most, he could have worked 47 hours in one week. Defs.' Resp. in Opp'n, at 3. Defendants state that Speakeasy did not schedule servers for "double shifts," despite Plaintiffs' assertions to the contrary. *Id.* at 3 n.2.

At this stage, Defendants have provided evidence sufficient to raise a genuine issue of material fact as to the hours and days worked by the Plaintiffs. Plaintiffs argue that, as Defendants do not offer evidence of payroll records, they cannot sustain their burden under *Anderson*. Yet, this argument ignores that an employer has two means through which he may rebut a plaintiff's evidence. As set forth in *Anderson*, the employer may offer "evidence of the precise amount of work performed *or* . . . evidence to negative the *reasonableness of the inference* to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687-88 (emphasis added). Defendants' evidence, if true, calls into question the veracity of Plaintiffs' asserted hours, thereby undermining the very foundation of their FLSA claim. Once again, the parties have presented dueling accounts of the events underlying this action. Even if Plaintiffs question the credibility of Bill as a witness, *see, e.g.*, Pls.' Reply, at 5, that evaluation should be reserved for the jury at trial. It would be premature to hold, as a matter of law, that Plaintiffs performed work for which they were not appropriately compensated.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment under the Fair Labor Standards Act (ECF No. 82) is DENIED. Genuine issues of material fact remain as to Plaintiffs' claimed unpaid work and whether Gus and Mrs. Vasilokopoulos are

"employers" under the Fair Labor Standards Act, thereby rendering summary judgment inappropriate.

A separate Order follows.

Dated: April 18, 2016                                   ____/s/_____

Richard D. Bennett
United States District Judge