IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JACKSON, *et al.*, *

Plaintiffs, *

v. * Civil Action No. RDB-14-3114

EGIRA, LLC, *et al.*, *

Defendants. *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Currently pending is Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 142).[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Plaintiffs' Motion (ECF No. 142) is GRANTED in the amount of **$232,340 in attorneys fees** and **$8,381.05 in costs and expenses**, for a **total award of $240,721.05.**[2]

BACKGROUND

Plaintiffs Sean Jackson ("S. Jackson"), Craig Koehler, Jr. ("Koehler"), Russell Jackson ("R. Jackson"), Dawn Dorsey ("Dorsey"), Emily Wisniewski ("Wisniewski"), Jeremy Hewitt ("Hewitt"), and Casey Ann Diven ("Diven") (collectively, "Plaintiffs") brought this action against Defendants Egira, LLC ("Egira"), Anastasia Vasilakopoulos ("Mrs. Vasilakopoulos"), Vasilios "Bill" Vasilakopoulos ("Bill"), and Konstantinos "Gus" Vasilakopoulos ("Gus")

[1] Plaintiffs have filed the pending Motion pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*, Rule 54(d)(2)A) of the Federal Rules of Civil Procedure, and Local Rule 109.2 (D. Md. 2016).

[2] Plaintiffs have filed a separate Motion seeking a post-trial award of liquidated damages and prejudgment interest (ECF No. 141). By Separate Order, this Court has Granted that Motion.

(collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiffs, all former servers at the Speakeasy Saloon and Dining House ("Speakeasy"), a restaurant owned and operated by Defendant Egira, claimed that they were denied minimum wages and/or overtime compensation in violation of federal and state law. Following a four-day jury trial in this Court, a jury awarded the Plaintiffs three times the unpaid minimum wage under the MWPCL and unpaid overtime under the FLSA[3].

Since this action was initiated over two years ago, the Defendants have consistently impeaded Plaintiffs' prosecution of this case. Defendants initially failed to answer the collective action Complaint, did not initially respond to this Court's Order that they identify servers who had worked at Speakeasy, and only complied with that Order after Plaintiffs' counsel filed a Motion requiring them to show cause as to why they should not be held in contempt. Even then, Defendants failed to disclose all employees, including some of the Plaintiffs in this action. The Defendants then proceeded to raise unfounded "jurisdictional" defenses by misrepresenting the size and scope of their operations and obstructed discovery efforts. Furthermore, the Defendants delayed admitting important issues, such as Speakeasy's status as an enterprise covered by the FLSA and the indidivual liability of Gus and Anastasia Vasilakopoulos as FLSA employers. Ultimately, the original counsel for the

[3] In September of 2015, Bill Vasilakopoulos filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland. Accordingly, this proceeding has been stayed as to Bill Vasilakopoulos, no verdict was entered against him, and the pending Motion is not directed against him. *See* Bankruptcy Not., ECF No. 75. Additionally, Plaintiffs' attorney Howard Hoffman does not seek to recover the time he has spent in connection with the bankruptcy proceedings. Mot., p. 8, ECF No. 142.

Defendants filed a Motion to Withdraw (ECF No. 57) in light of difficulties in procuring the Defendants' cooperation. This Court denied that Motion (ECF No. 89) and required prior defense counsel to remain in this case until present counsel entered their appearance in May of 2016. These actions by Defendants forced Plaintiffs to expend significant time, energy, and unnecessary expense.

During the pendency of this litigation, Plaintiffs relied on the legal services of two attorneys, Bradford W. Warbasse and Howard B. Hoffman. The Plaintiffs now seek compensation for the time that these lawyers spent prosecuting this case and costs incurred. Mot., p. 5, ECF No. 142. In addition, the Plaintiffs have filed a Supplemental Request for Attorneys' Fees (ECF No. 146), with respect to additional time and expense incurred in preparation of a Reply to Defendants' Opposition to the pending Motion for Attorneys' Fees and Costs (ECF No. 142).

## ANALYSIS

In an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). While the payment of attorney's fees and costs to the plaintiff is mandatory, "[t]he amount of the attorney's fees . . . is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

The calculation of a reasonable fee award, or lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. In assessing the

reasonableness of the hours and rate claimed, the court considers the following twelve factors, known as the *Johnson* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).

A. Attorneys' Fees

The Plaintiffs seek attorneys' fees in the amount of $241,973.75. Mot., p. 8, ECF No. 142. This represents 204.7 hours billed at a rate of $425 per hour as to Mr. Warbasse, for a total of $86,997.50, and 364.65 hours billed at a rate of $425 per hour for Mr. Hoffman, for a total of $154,976.25. The Plaintifs have since supplemented that request, seeking an additional 1.5 hours for Mr. Warbasse at a rate of $425 per hour and 21.8 hours for Mr. Hoffman at a rate of $425 per hour. *See* Supp. Request, ECF No. 146.

As discussed *infra*, a weighing of the *Johnson* factors suggests that the hours requested by Plaintiffs in their initial petition are reasonable under the circumstances of this case. However, this Court will only allow 1.5 hours of supplemental compensation for Mr. Warbasse and 10.0 hours for Mr. Hoffman with respect to the additional time spent in

preparation of Plaintiffs' Reply brief. Furthermore, this Court finds that $400 per hour is the appropriate fee for the services of Mr. Warbasse and Mr. Hoffman in connection with this case.

i. Time and Labor Expended

With the exception of reducing the supplemental hours requested for Mr. Hoffman with respect to his preparation of a Reply brief, the requested attorney hours calculation is reasonable given this case's convoluted history. The Defendants failed to respond to the original FLSA collective action filed by three of the Plaintiffs in this case, and the Clerk of this Court filed an entry of default on November 17, 2014 (ECF No. 10). Subsequently, this Court ordered Defendants to produce a list of all servers who worked at Speakeasy, in connection with conditional certification of the class. Order, ECF No. 12. Defendants failed to respond until Plaintiffs filed a Motion (ECF No. 13) requiring that they show cause as to why they should not be held in contempt.

Defendants then proceeded to file a Motion to Dismiss the Plaintiffs' FLSA claims for lack of subject mater jursidction, claiming that Speakeasy's gross revenues did not exceed the $500,000 threshold provided by 29 U.S.C. § 203(s)(1)(A)(ii). *See* Mot., ECF No. 20. The Court ultimately denied Defendants' Motion on the ground that the issue raised was not jurisdictional. *See* Order, ECF No. 37. However, in order to address this issue, Plaintiffs were required to conduct highly specialized and comprehensive discovery with respect to Defendants' business practices. Defendants obstructed the process by, for example, interfering with requests for documents from third-parties. It was only after this exhaustive

discovery that Defendants stipulated to FLSA coverage in August of 2015, acknowledging that revenues did exceed the $500,000 threshold. *See* Stipulation, ECF No. 68.

Furthermore, because Defendants had violated the FLSA's record-keeping requirments by failing to maintain records of their employees hours, Plaintiffs were required to reconstruct their hours of work on a week-by-week basis and testified about them at trial. Plaintiffs' expert, Elana Schulman, CPA, CFE, then prepared weekly damage calculations on each of their claims. Defendants strongly opposed summary judgment as to the individual liability of Anastasia and Gus Vasilakopoulos (and the hours worked by Plaintiffs) only to later stipulate to the individual liability of Anastasia and Gus as employers under the FLSA on the eve of trial. *See* Pretrial Order, ECF No. 120. Similarly, Defendants asserted an *in pari delicto*[4] defense with respect to four Plaintiffs, only to later abandon that argument.

ii. Novelty and Difficulty of Questions

While the claims in this case were relatively straight-forward, the Defendants made the process needlessly difficult for the reasons stated above. Defendants initially contended that Speakeasy was not an enterprise covered by the FLSA and were not cooperative with Plaintiffs' discovery requests on this issue. Furthermore, Defendants refused to provide their own estimates of the hours each Plaintiff worked, despite receiving numerous discovery requests. Subsequently, at trial the Defendants sought to present their own estimates with no foundation.

[4] *See Pinter v. Dahl*, 486 U.S. 622, 636 (1988) for a discussion of the *in pari delicto* defense.

iii. Requisite Skill Required

It took skill and expertise to successfully oppose Defendants' initial motion to dismiss, and to formulate and carry out a successful discovery plan with respect to Speakeasy's status as a covered enterprise under the FLSA.

iv. Preclusion of Other Employment

Although Mr. Warbasse does not contend that this case limited his ability to perform other work, Mr. Hoffman maintains an active practice and contends that he had to turn away at least one fee-paying client prior to trial because of the volume of work created by the trial in this case. Furthermore, Mr. Hoffman has indicated that he has delayed the initiation of other work as a result of the trial in this case.

v. Amount Involved and Result Obtained

The jury granted full relief to the Plaintiffs by awarding all of the damages requested, including three times the unpaid minimum wages. *See* Jury Verdict, ECF No. 140. The $191,938.33 awarded by the jury, together with the requested liquidated damages and prejudgment interest, results in a total award of $227,714.66 for the seven Plaintiffs, as reflected in the Judgment entered in this case.

vi. Customary Fee and Experience of Attorneys

Mr. Warbasse has been admitted to the bar for over twenty years. Under the Local Rules of this Court, the presumptive lodestar fee range for lawyers admitted to the bar for over twenty years is $300-$475 per hour. *See* Local Rules App. B (D. Md. 2016). Mr. Hoffman will enter his seventeenth year of practice in December of 2016. The presumptive lodestar fee range for lawyers admitted to the bar for fifteen to nineteen years is $275-$425

per hour. *See id.* Mr. Warbasse has previously been awarded fees by this Court at a rate of $400 per hour in two similar FLSA collective action cases, *Dorsey v. TGT Consulting, LLC*, No. CCB-10-92, 2014 WL 458999, at *1 (D. Md. Feb. 4, 2014) and *Chapman v. Ourisman Chevrolet Co.*, No. AW-08-2545, 2011 WL 2651867, at *1 (D. Md. July 1, 2011). This Court has previously awarded Mr. Hoffman fees in several similar FLSA collective action cases at a rate of $300 per hour. Those cases include *Chapman v. Ourisman Chevrolet Co.*, No. AW-08-2545, 2011 WL 2651867, at *1 (D. Md. July 1, 2011) and *Spencer v. Cent. Servs., LLC*, No. CCB-10-03469, 2012 WL 142978, at *1 (D. Md. Jan. 13, 2012). Although Plaintiffs have requested a rate of $425 per hour, this Court finds that a rate of $400 per hour for both lawyers is more appropriate in light of the applicable guidelines and fees paid to these attorneys in similar actions. Both lawyers have shared equal responsibilities in the preparation and trial of this case. This Court will adjust the award calculation accordingly.

Accepting the Plaintiffs' hour calculations, with the exception of reducing Mr. Hoffman's time with respect to his preparation of a Reply brief, the adjusted award of attorneys' fees is as follows:

Mr. Warbasse will be awarded fees for 206.2 hours, at a rate of $400 per hour, for a total award of $82,480. Mr. Hoffman will be awarded fees for 374.65 hours, at a rate of $400 per hour, for a total award of $149,860. Accordingly, **the total award of attorneys' fees shall be $232,340.**

B. Costs and Expenses

The Plaintiffs initially request combined costs and expenses in the amount of $8,381.05. Mot., p. 18, ECF No. 142. However, in their Reply to Defendants' Opposition

(ECF No. 146), Plaintiffs have sought additional costs for the assistance of a third attorney, Stephen J. Springer, in connection with the preparation of that Reply brief. This Court finds that expense to have been unnecessary, and no costs will be awarded with respect to Mr. Springer or the additional $5.75 spent for postage to transmit a copy of the Reply to this Court. Apart from this denial, all of the costs and expenses originally requested by the Plaintiffs shall be awarded.

As stated *supra*, in an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "District courts have discretion to determine the costs that will be taxed against losing defendants in FLSA cases." *Almendarez v. J.T.T. Enterprises Corp.*, No. JKS 06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010). "The costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.' " *Id.* (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir.1988)).

The total costs incurred by the Plaintiffs are $8,381.05. This includes: $400.00 filing fee paid to the Clerk of this Court; $280.00 paid to Everyday Process Servers, Inc.; $936.25 paid to Irwin Reporting & Video, LLC for deposition transcripts; $1,168.10 paid to DTI Court Reporting for deposition transcripts (including Greek interpretation at the request of the Defendants); $363.00 to transcribe a Bankruptcy "341 hearing" incolving Vasilios ("Bill") Vasilakopoulis; and $3,178.75 paid to expert witness Elana Schulman, CPA, CFE. This

Court accepts this calculation as reasonable. Accordingly, **costs and expenses shall be awarded in the amount of $8,381.05.**[5]

CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 142) is GRANTED in the amount of **$232,340 in attorneys fees** and **$8,381.05 in costs and expenses**, for a **total award of $240,721.05.**

A separate order follows.

Dated: October 5, 2016

/s/
Richard D. Bennett
United States District Judge

[5] Additionally, this Court wil grant the pending Motion *without prejudice* and will reserve jurisdiction to award supplemental attorneys' fees and costs. *See, e.g., Durham v. Jones*, No. WMN-10-2534, 2012 WL 3985224, at *10 (D. Md. Sept. 10, 2012), *aff'd*, 737 F.3d 291 (4th Cir. 2013) ("The Court will also retain jurisdiction to issue supplemental awards as may be appropriate under the circumstances."). Plaintiffs have indicated that Defendants, despite having stipulated to liability at trial, have made no effort whatsoever to reach out to counsel to make payment in this case, and Plaintiffs anticipate that enforcing this Court's Judgment may be the most time-consuming stage of this litigation. *See Mot.*, p. 17-18, ECF No. 142.