IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SEAN JACKSON, et al.,     *

     Plaintiffs,     *

     v.     *    Civil Action No.: RDB-14-3114

EGIRA, LLC, et al.,     *

     Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Following a four day jury trial and jury verdict in favor of plaintiffs, this Court entered Judgment against defendants Egira, LLC, Anastasia Vasilakopoulos, and Konstantinos Vasilakopoulos, jointly and severally, on October 5, 2016. (ECF No. 147.) The Court also entered Judgment in favor of plaintiffs' counsel for an award of attorney's fees on October 5, 2016. (ECF No. 149.)

On November 2, 2016, this Court received a "Motion to Reconsider" filed by defendant Anastasia Vasilakopoulos on a *pro se* basis (ECF No. 189) ("Defendant's Motion").[1] In her motion, Ms. Vasilakopoulos asks the Court to "dismiss any liability wrongfully attributed to me…or at a minimum be granted a new trial." (*Id.* at 1.) The parties' papers have been fully considered, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion is DENIED.

---

[1] The Court notes that Ms. Vasilakopoulos was represented by counsel through the trial stage and including some post-trial motions. It is unclear whether defendants' counsel of record in this case continues to represent Ms. Vasilakopoulos.

1

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court has explained:

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

*Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010).

Here, Ms. Vasilakopoulos filed her "Motion to Reconsider" within twenty-eight (28) days of this Court's entry of Judgment on October 5, 2016. (ECF No. 189.) Accordingly, insofar as her motion seeks to alter or amend this Court's Judgment, it will be considered under Rule 59(e). To the extent that Ms. Vasilakopoulos' motion seeks a new trial, it will be considered under Rule 59(a).

### I.     Rule 59(e)

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment."

2

*Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). A motion for reconsideration thus should be denied when it "merely reiterates arguments [the] Court previously rejected in its Memorandum Opinion[.]" *Redner's Markets, Inc. v. Joppatown G.P. Ltd. P'ship*, RDB-11-1864, 2013 WL 5274356, at *8 (D. Md. Sept. 17, 2013).

Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n. 6 (4th Cir. Sept. 5, 1995)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

**II. Rule 59(a)**

Following a jury trial, Rule 59(a) allows the court to grant a new trial on all or some issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Because every litigant is entitled to one fair trial, not two, the decision of whether to grant or deny a motion for a new trial lies within the


discretion of the district court." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (internal citations and quotation marks omitted). *See also King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010). The court must exercise its discretion to grant a new trial only if the verdict "(1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace*, 861 F. Supp. 2d at 599 (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)). Granting a new trial is not warranted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, 2013 WL 4603006, at *1 (D. Md. Aug. 28, 2013). *See also Redner's*, 2013 WL 5274356, at *8.

## ANALYSIS

Defendant's Motion is premised on Ms. Vasilakopoulos' argument that this Court "has misapprehended that [she] accepted liability" in this case. (ECF No. 189 at 1.) Specifically, Ms. Vasilakopoulos asserts (1) that she did not participate in the trial on account of her "frail health;" (2) that she "did not fully understand what was going on in court the day that I was there because of [her] inability to comprehend English properly;" and (3) that she was "not in court when my counsel and sons represented to the court that [she] [accepts] liability." (*Id.*)

Even construing Ms. Vasilakopoulos' assertions liberally, she fails to assert any facts which would permit the Court to amend its judgment or grant a new trial. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). First, the matter of defendant's liability was determined not by this Court, but, rather, by the jury. (ECF No. 140 at 2.) Thus, any asserted "misapprehension" by the Court is irrelevant to the

jury's finding of liability. Second, to the extent that defendant now disagrees with the trial strategy adopted by her chosen attorney, she has "presented no evidence to suggest that [she] experienced 'manifest injustice,'" as a result of that strategy, so as to warrant either reconsideration or a new trial. *Sewell v. Int'l Longshoremen's Ass'n, Local No. 333*, 2013 WL 5882790, at *2, n. 1 (D. Md. Oct. 29, 2013). Third, Ms. Vasilakopoulos neither indicates what evidence or arguments she might have offered in her defense, nor offers any proof that she or her attorneys were unable to fully present her case. Finally, Ms. Vasilakopoulos' assertion regarding her "inability to comprehend English properly" is unsupported by any evidence and is, moreover, belied by the eloquence of her *pro se* motion. In sum, Ms. Vasilakopoulos' Motion fails to warrant alteration or amendment under Rule 59(e) or the granting of a new trial under Rule 59(a). Defendant's Motion, therefore, must be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that defendant Anastasia Vasilakopoulos' Motion to Reconsider (ECF No. 189) is DENIED.

Dated: November 4, 2016

_____
Richard D. Bennett
United States District Judge